IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

**HUNTINGTON DIVISION**

JOHN SALLA,

                        Plaintiff,

v.                                      CIVIL  ACTION  NO.  3:08-0233

FELMAN PRODUCTION, INC.,
a corporation and MERDITH S. MARKER,
individually and as an Employee of Defendant,
Felman Production, Inc.,

                        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before this Court is Plaintiff's Motion to Remand (Doc. 5).  For the reasons below, the Court **GRANTS** the motion.

**Facts**

Plaintiff John Salla was employed by Felman Production, Inc. in a position through which he had union membership until mid-2007.  At that time, he was promoted to shift supervisor, a position which required him to give up his union membership.  On July 17, 2007,  Plaintiff and Defendant Merdith S. Marker signed an agreement stating that Plaintiff had been offered the shift supervisor job, that he was to give up his union membership for this position, but that if the position did not work out, Defendants would "rehire" Plaintiff "as a new maintenance employee."  *See* Complaint Ex. 1, attached to Notice of Removal as Ex. A. (Doc. 1).

Plaintiff was fired from his position as shift supervisor in September 2007.  In October 2007, Plaintiff requested that Defendants rehire him in accordance with the agreement signed by Defendant Marker, but Defendants refused.

On February 28, 2008, Plaintiff filed suit against Felman Production, Inc. and Merdith S. Marker in the Circuit Court of Mason County, West Virginia, alleging breach of contract, promissory estoppel, and fraudulent inducement.

On April 4, 2008, Defendants removed the case to this Court based on federal question jurisdiction.  Defendant stated that Plaintiff's claims are preempted by § 301 of the Labor Management Relations Act ("LMRA") because the agreement between Plaintiff and Defendants requires reference to, and merely restates a provision of, the Collective Bargaining Agreement ("CBA").  Defendants also argued that if the Court found that one or more of Plaintiff's causes of action were not federal question, then this Court retains jurisdiction based upon supplemental jurisdiction.

Plaintiff filed the Motion to Remand at issue on April 15, 2008, arguing that the LMRA is not applicable to this case and that there is no federal question jurisdiction.  The Court will discuss the parties' arguments in greater detail below.

**Discussion**

A party may remove a case to federal court if the district courts of the United States have original jurisdiction.  28 U.S.C. § 1441(a).  "One category of cases of which district courts have original jurisdiction is 'federal question' cases: cases 'arising under the Constitution, laws, or treaties of the United States.'" *Aetna Health Inc. v. Davila,* 542 U.S. 200, 207 (2004) *quoting* 28 U.S.C. § 1331.  To determine whether a case "arises under federal law" the Court must utilize "the

'well-pleaded complaint' rule." *Davila*, 542 U.S. at 207 *quoting Franchise Tax Bd. Of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 9-10 (1983). The United States Supreme Court and the Fourth Circuit have "consistently held that the presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint without consideration of any potential defenses." *Harless v. CSX Hotels, Inc.,* 389 F.3d 444, 450 (4th Cir. 2004) *citing Davila*, 542 U.S. at 207. "[T]he existence of a federal defense normally does not create statutory 'arising under' jurisdiction and 'a defendant may not generally remove a case to federal court unless the *plaintiff's* complaint establishes that the case arises under federal law.'" *Davila*, 542 U.S. at 207 *quoting Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149 (1908); *Franchise Tax Bd.,* 463 U.S. at 10.

However, there is an exception to the well-pleaded complaint rule which applies "when a federal statute wholly displaces the state-law cause of action through complete preemption." *Davila,* 542 U.S. at 207 *quoting Beneficial Nat. Bank v. Anderson,* 539 U.S. 1, 8 (2003). In that case, the state claim can be removed because "the federal statute completely pre-empts the state-law cause of action" so that "a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Davila*, 542 U.S. at 207-8 *quoting Anderson,* 539 U.S. at 8.

Section 301 of the LMRA "provides that suits for violation of collective-bargaining agreements may be filed in federal court." *Davis v. Bell Atlantic-West Virginia, Inc.,* 110 F.3d 245, 247 (4th Cir. 1997) *citing* 29 U.S.C. § 185(a). "To ensure uniform interpretation of collective-bargaining agreements and to protect the power of arbitrators, § 301 has been found to 'displace

-3-

entirely any state cause of action for violation of contracts between an employer and a labor organization.'" *Davis,* 110 F.3d at 247 *quoting Franchise Tax Bd.,* 463 U.S. at 23.  Therefore, "state law does not exist as an independent source of private rights to enforce collective bargaining contracts."  *Davis,* 110 F.3d at 247 *quoting Caterpillar Inc. v. Williams,* 482 U.S. 386, 394 (1987).  Under the complete preemption exception to the "well-pleaded complaint" rule, "a purportedly state law claim, the resolution of which depends substantially upon the analysis of a collective-bargaining agreement's terms, must either be treated as a claim under § 301 or be dismissed as preempted under federal labor law."  *Davis,* 110 F.3d at 247.

The Fourth Circuit has noted that the "party seeking removal bears the burden of demonstrating that removal jurisdiction is proper."  *In re Blackwater Security Consulting, LLC*, 430 F.3d 576, 583 (4th Cir. 2006).  Defendants argue that the LMRA completely preempts Plaintiff's state law causes of action so that the claims arise under federal law.  Defendants contend that the contract signed by both Plaintiff and Defendant Maker was a reiteration of the CBA provision and not a separate contract.  Specifically, Defendants cite Paragraph 9.08 of the CBA, which states that if employees who are in the bargaining unit are transferred to a position outside of the bargaining unit, they will continue to retain and accumulate seniority for thirty working days.  During those thirty days, the employee has the right to return to the position in the bargaining unit, so long as they have the seniority and qualifications required for the position.  After that thirty day period, all seniority rights are lost.  Defendants state that when Plaintiff asked Defendant Marker for a written contract, he was requesting a confirmation of his reinstatement rights under the CBA.  Plaintiff was a shift supervisor – a position outside the bargaining unit – for more than thirty days, so Defendants argue that he lost his reinstatement rights under the CBA and therefore Defendants were under no

obligation to re-hire Plaintiff for his previous position.  Defendants contend that because Plaintiff's breach of contract claim therefore requires reference to the CBA, the LMRA would apply and federal law would preempt the state law claims.

Plaintiff, however, contends that the agreement signed by Defendant Marker was a separate agreement that does not require reference to the CBA.  The July 17, 2007 agreement states:

> John Salla has been offered the position of shift supervisor with Felman Production.  It will be necessary for John to give up membership in the union to accept this position.  If for some reason, the position of shift supervisor does not work out, I will rehire John as a new maintenance employee.

*See* Complaint Ex. 1, attached to Notice of Removal as Ex. A. (Doc. 1).  The letter agreement makes no reference to the CBA.  It does not refer to seniority or retaining reinstatement rights or to the thirty day limit, as Paragraph 9.08 of the CBA does.  Rather, the signed agreement states that Plaintiff would be "rehired" as a "new" maintenance employee and does not specify any time period by which this right must to be enforced.  Additionally, as both parties agree, Plaintiff was in the shift supervisor position for more than thirty days, so the CBA provision would not apply.

Claims do not arise under federal law when "the employees' claims were based on rights arising from independently negotiated individual employment contracts and not from a collective bargaining agreement," and when "the complaint did not substantially depend on any interpretation of the collective bargaining agreement."  *White v. National Steel Corp.,* 938 F.2d 474, 482 (4th Cir. 1991) *citing Caterpillar,* 482 U.S. 386. In *White,* Plaintiffs were also employees who had been promoted to management positions from positions which were covered by a collective bargaining agreement. *White,* 938 F.2d at 478. The management positions were not covered by the CBA.  *Id.* The plaintiffs claimed that they had oral agreements that "allowed them to retain their earned

-5-

seniority in their new positions" and allowed them "to return to their former bargaining unit positions with their seniority intact should their management positions be terminated or should they otherwise wish to return." *Id.* Plaintiffs brought suit based on breach of contract, fraud, and other torts. *Id.* In holding that § 301 of the LMRA did not preempt Plaintiffs' claims, the Court noted that Plaintiffs were "not relying on duties or promises contained in any collective bargaining agreements." *Id.* at 483. Plaintiffs also did "not argue that when they accepted their management positions they had vested rights under the terms of their collective bargaining agreements that were immune from change in a subsequent agreement." *Id.* The Fourth Circuit noted that the LMRA does not prevent individuals "from negotiating an employment contract for a management position" and that Plaintiffs' individual employment contracts were "the foundation of their asserted rights." *Id. quoting Malia v. RCA Corp.,* 794 F.2d 909, 913 (3d Cir. 1986). The Court clearly stated that the individual employment contracts were at issue, not the collective bargaining agreement, and therefore state law was applicable. *Id.* "Section 301 does not foreclose. . . plaintiffs' pursuit of rights that are grounded in an independent contract and not in a collective agreement." *Id.* at 484. Thus the Court held that the individual contracts between the employees and the employer were not preempted by § 301 of the LMRA since the CBA was not at issue.

Here, Plaintiff's agreement with Defendants is also an independent contract. It does not require reference to the CBA and the claims do not seek to enforce rights established in the CBA. As in *White*, Plaintiff's independent contract is not preempted by § 301 of the LMRA.

"A defendant cannot convert a state law claim into one preempted under federal law by merely injecting a defense that may require analysis of a collective bargaining agreement." *Harless,* 389 F.3d at 450 *citing Caterpillar, Inc.,* 482 U.S. at 398-99.

> The presence of a federal question, even a § 301 question, in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule, that the plaintiff is the master of the complaint, that the federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court. . . But a defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform an action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated.

*Harless*, 389 F.3d at 450 *quoting Caterpillar*, 482 U.S. at 398-99.  Thus, Defendants' defense – that the agreement requires reference to the CBA and is not enforceable because of the CBA – is insufficient to convert the state causes of action into federal questions.  Plaintiffs claims are not preempted by the LMRA.  Without a federal question in the complaint, this Court lacks original jurisdiction and the case cannot remain in federal court.  28 U.S.C. § 1331.

<b>Conclusion</b>

For the reasons above, the Court **GRANTS** Plaintiff's Motion to Remand (Doc. 5) and **REMANDS** the case to the Circuit Court of Mason County, West Virginia.  The Court **DIRECTS** the Clerk to send a copy of this written Order and Opinion to counsel of record and any unrepresented parties.

ENTER:        June 2, 2008

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE